THIRD DIVISION
November 15, 2006

Nos. 1-06-0770, 1-06-0894 (Consolidated)

| | | |
|---|---|---|
| THE COUNTY OF COOK (PROVIDENT HOSPITAL), | ) | Appeal from the |
| | ) | Illinois Labor Relations |
| Petitioner-Appellant, | ) | Board, Local Panel |
| | ) | |
| v. | ) | Nos. LRC05010 |
| | ) | LUC5003 |
| ILLINOIS LABOR RELATIONS BOARD, LOCAL | ) | |
| PANEL; LOCAL 200, RWDSU, AFL-CIO, CLC; | ) | |
| and AMERICAN FEDERATION OF STATE, COUNTY | ) | |
| AND MUNICIPAL EMPLOYEES, COUNCIL 31, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

---

| | | |
|---|---|---|
| THE COUNTY OF COOK (PROVIDENT HOSPITAL), | ) | Appeal from the |
| and AMERICAN FEDERATION OF STATE, COUNTY | ) | Illinois Labor Relations |
| AND MUNICIPAL EMPLOYEES (AFSCME), | ) | Board, Local Panel |
| COUNCIL 31, AFL-CIO, | ) | |
| | ) | |
| Petitioners-Appellants, | ) | |
| | ) | |
| v. | ) | Nos. LRC05010 |
| | ) | LUC5003 |
| ILLINOIS LABOR RELATIONS BOARD, LOCAL | ) | |
| PANEL; and LOCAL 200, RWDSU, AFL-CIO, | ) | |
| CLC, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE GREIMAN delivered the opinion of the court:

This case concerns the certification of a collective bargaining unit made up of all part- and full-time employees holding the positions Administrative Assistant III and Administrative Assistant IV (the AAIIIs and IVs) at Provident Hospital (Provident), one of four hospitals in the

1-06-0770, 1-06-0894 (Consolidated)

Cook County Bureau of Health (the Bureau). The Retail, Wholesale & Department Store Union, Local 200 (RWDSU), petitioned the Illinois Labor Relations Board, Local Panel (the Board), to organize all employees holding those positions for collective bargaining purposes while the American Federation of State, County & Municipal Employees, Counsel 31 (AFSCME), filed a petition to intervene in the matter and a petition seeking to accrete Provident AAIIIs and IVs to its existing bargaining unit of Provident employees holding the positions of Administrative Assistant I and Administrative Assistant II (the AAIs and IIs). An administrative law judge (ALJ) found that neither RWDSU's petition for certification nor AFSCME's petition to accrete the Provident AAIIIs and IVs was appropriate and recommended their dismissal but that the employees constituting the petitioned-for unit were not confidential employees. RWDSU and Cook County filed exceptions. The Board disagreed with the ALJ, finding that the petitioned-for unit was appropriate and that none of the employees were confidential and ordered an election of representation. The Provident AAIIIs and IVs elected RWDSU to represent them.

We consolidated Cook County's and AFSCME's appeals. Cook County contends that the Board erred in finding the AAIIIs and IVs at Provident to be an appropriate bargaining unit when such a decision will cause fragmentation of the larger group of all Bureau AAIIIs and IVs, the decision will cause a proliferation of petitions for formation of similar bargaining groups at other Cook County hospitals and the decision is contrary to the Board's precedent. Cook County further contends that the Board erred in finding that the AAIIIs and IVs at Provident were not confidential employees. AFSCME contends that the Board erred in finding the AAIIIs and IVs at Provident to be an appropriate bargaining unit when it mischaracterized the ALJ's factual

2

findings, its decision was contrary to precedent and any cases seemingly supportive of the Board's decision are distinguishable when viewed in context.

RWDSU's representation/certification petition to organize all Provident AAIIIs and IVs was filed on October 18, 2004. On November 30, 2004, AFSCME filed its petition for unit clarification to accrete those employees to its existing bargaining unit. On December 13, 2004, the cases were consolidated. On March 31, 2005, AFSCME filed a petition to intervene in RWDSU's representation proceeding. Hearings on the matter were held on November 23, 2004, February 18, 2005, and April 5, 2005.

Provident opened as a Cook County hospital facility in 1993 and is one of several Bureau hospitals. Provident has its own chief operating officer, budget, labor relations office, personnel office, payroll department, evaluation procedures, attendance policy and personal leave policy. Provident is certified and accredited separately from the other Bureau hospitals. The other hospitals in the Bureau are at least seven miles from Provident and the hospitals are not connected by a centralized shuttle.

Job classifications, titles, codes and pay grades are county-wide. All Bureau facilities employ AAIIIs and IVs who all have the same benefits. Nonetheless, Provident institutes its own personnel policies that conform with the general Bureau policies. If there is a vacancy in an AAIII or AAIV position at Provident, it is posted at all facilities and a Provident employee applying for the position will not get preference because he or she is already employed at Provident. Employees at Provident may apply for positions at other hospitals and vice versa. Applications for open AAIII and IV positions are reviewed by the Provident human resources

department and hiring decisions are made by the department that has the vacancy. While Provident AAIIIs and IVs do not rotate to other facilities within the Bureau, they can be temporarily reassigned to another facility. However, the evidence suggests that this occurs very infrequently.

At the time of the hearings, there were 14 Provident AAIIIs and 17 Provident AAIVs. They reported to the chairs of the medical departments and administrative department heads within Provident. AAIIIs and IVs were generally responsible for providing administrative and secretarial support, attending meetings and taking minutes, coordinating projects and circulating memoranda. There were nine bargaining units at Provident but the AAIIIs and IVs had never been included in one. Cook County stipulated that 11 of the Provident AAIIIs and IVs were not confidential employees.

Two committees, the executive staff committee and the medical executive committee, developed Provident policies. The executive staff committee was responsible for setting labor relations bargaining strategies and policies and developing proposals to present to the Cook County bargaining committee. The medical executive committee was responsible for instituting departmental rules, such as rules regarding employee attendance and performance and regulations and bylaws ensuring compliance with the hospital's patient care standard.

Several AAIIIs and IVs and the people to whom they reported testified regarding the AAIIIs and IVs responsibilities. AAIV Derrick Dowell reported to Dr. Aaron Hamb, the Provident chief medical officer and a member of both the executive staff committee and the medical executive committee. Dowell's responsibilities included researching and reviewing

physician applications and taking minutes of both committees' meetings.

AAIV Rosetta Porter, who reported to Dr. Clifford Crawford, the chairman of the department of surgery and a member of the medical executive committee, had never heard discussion of collective bargaining issues at meetings at which she took minutes nor has she typed memoranda or correspondences about collective bargaining.

AAIII Edna Miggins, who reported to Dr. Clifton Clarke, the chairman of the department of internal medicine and a member of the medical executive committee, worked with the infection control committee. Infection control policies could affect labor relations since employees were required to comply with the policies.

AAIVs Lolita Flowers and Gloria Reid-Lockett reported to Orlando Brown, the director of human resources and labor relations. Brown was responsible for overseeing employees' benefits, leave and salaries and was a representative on Cook County's collective bargaining team. Brown had the power to approve a labor proposal on behalf of Provident. In Brown's office, he kept a locked file cabinet containing all of his collective bargaining materials. The cabinet could be accessed by Flowers and Reid-Lockett, although both testified that they had never filed anything in the cabinet or otherwise gone into it.

Flowers testified that most of her time was spent determining whether employees requesting leave were eligible. She also assisted employees in obtaining fringe benefits. Flowers testified that she was not involved in collective bargaining. Reid-Lockett testified that she had attended only one labor management meeting since 1993 and that, while she occasionally handles grievance intake, she had never taken notes at a meeting involving grievances. Reid-Lockett

testified that she spent the majority of time maintaining the payroll system.

On August 19, 2005, the ALJ issued a recommended decision and order finding that RWDSU's petition to organize the Provident AAIIIs and IVs and AFSCME's petition to accrete those employees into an existing unit were inappropriate. It recommended that both petitions be dismissed. However, the ALJ found that, should the Board determine that a bargaining unit comprised of Provident AAIIIs and IVs was appropriate, those employees were not confidential employees and thus were not barred from participating in the unit.

RWDSU filed exceptions to the ALJ's order and Cook County filed cross-exceptions. While AFSCME filed responses to the exceptions and cross-exceptions, it did not file an exception to the ALJ's recommendation that its petition for unit clarification be dismissed.

The Board disagreed with the ALJ's finding that a bargaining unit comprised of Provident AAIIIs and IVs was inappropriate and directed an election for representation, permitting the Provident AAIIIs and IVs to choose between being represented by RWDSU or AFSCME or not being represented.

The Board noted that the record indicates that Provident employees are currently represented in nine bargaining units. However, the record does not clearly indicate whether these units are Provident-only or Bureau-wide. The Board took notice of the fact, and the parties do not dispute, that the Board has certified a unit of Provident-only registered nurses, a unit of Provident-only AAIs and IIs, a unit of Provident-only technical employees, a unit of Provident-only pharmacists and a unit of Provident-only practical nurses. In each case, Cook County stipulated to the appropriateness of a Provident-only unit. In refusing to follow the ALJ's

6

1-06-0770, 1-06-0894 (Consolidated)

recommendation, the Board found that the ALJ had read County of Cook (Medical Examiner's Office), 17 Pub. Employee Rep. (Ill.) par. 3005, No. L-RC-00-019 (ISLRB March 12, 2001) (hereinafter 17 Pub. Employee Rep. (Ill.) par. 3005), which held that a petition to create a bargaining unit including employees who hold the same job descriptions, skills, salary and benefits as excluded employees was inappropriate, too broadly. The Board further found that the ALJ had not given sufficient weight to Cook County's pattern of stipulating to the appropriateness of Provident-only bargaining units.

Both Cook County and AFSCME appealed and we consolidated those appeals. The appellants moved to stay certification of RWDSU as the employees' representative pending our review of the matter. We denied the motion.

We begin by addressing the question of whether a Provident AAIII and IV bargaining unit is appropriate. Because this issue presents a mixed question of fact and law, "requiring an examination of the legal effect of a given set of facts," we apply a clearly erroneous standard of review. Illinois Fraternal Order of Police Labor Council v. Illinois Local Labor Relations Board, 319 Ill. App. 3d 729, 736 (2001). Put another way, the Board's "resolution of such questions will be upheld if 'reasonable, consistent with labor law and based on findings supported by substantial evidence.' " Illinois Fraternal Order of Police Labor Council, 319 Ill. App. 3d at 736, quoting Northwest Mosquito Abatement District v. Illinois State Labor Relations Board, 303 Ill. App. 3d 735, 742 (1999).

Section 9(b) of the Illinois Public Labor Relations Act (the Act) (5 ILCS 315/1 *et seq.* (West 2004)) provides:

7

"The Board shall decide in each case, in order to assure public employees the fullest freedom in exercising the rights guaranteed by this Act, a unit appropriate for the purpose of collective bargaining, based upon *but not limited to* such factors as: historical pattern of recognition; community of interest including employee skills and functions; degree of functional integration; interchangeability and contact among employees; fragmentation of employee groups; common supervision, wages, hours and other working conditions of the employees involved; and the desires of the employees." (Emphasis added.) 5 ILCS 315/9(b) (West 2004).

Section 9(b) of the Act does not require that a proposed unit be the most appropriate or the only appropriate unit. Illinois Fraternal Order of Police Labor Counsel, 319 Ill. App. 3d at 743, citing County of Peoria v. Illinois State Labor Relations Board, 305 Ill. App. 3d 827, 832 (1999).

Cook County and AFSCME argue that, in finding the unit at issue appropriate, the Board went against its many prior decisions that have held that "where an employer has an established and centralized job classification system *** a presumption of inappropriateness is warranted solely by virtue of the fact that the petitioner has sought only a portion of employees who perform duties in identical job classifications." County of Cook (Medical Examiner's Office), 17 Pub. Employee Rep. (Ill.) par. 3005, citing DuPage County Board, 1 Pub. Employee Rep. (Ill.) par. 2003, Nos. S-RC-9, S-RC-17  (ISLRB April 26, 1985).  They argue that the Board's finding that the proposed unit was appropriate was clearly erroneous because RWDSU failed to overcome the presumption of inappropriateness when all AAIIIs and IVs in the Bureau share

8

comparable wages, benefits, hours and skills. See County of Cook (Medical Examiner's Office), 17 Pub. Employee Rep. (Ill.) par. 3005.

The Board and RWDSU argue, and we agree, that a different standard applies in cases concerning health care providers and note that the majority of the cases cited by Cook County and AFSCME for the presumption of inappropriateness do not concern health care providers. See, *e.g.*, County of Cook (Medical Examiner's Office), 17 Pub. Employee Rep. (Ill.) par. 3005 (concerning petition for unit of clerical workers only in the Cook County office of the medical examiner); American Federation of State, County and Municipal Employees, 2 Pub. Employee Rep. (Ill.) par. 3027, No. L-RC-86-05 (ISLRB November 13, 1986) (concerning petition for unit of caseworkers only in the Cook County department of supportive services); Combined Counties Police Ass'n, 3 Pub. Employee Rep. (Ill.) par. 3016, No. L-RC-87-02 (ISLRB March 18, 1987) (concerning petition for unit of investigators only in the Cook County office of the medical examiner); Public Service Employees Union, Local 46, 12 Pub. Employee Rep. (Ill.) par. 3012, No. L-RC-96-011 (ISLRB April 15, 1996) (concerning addition of certain employees at county juvenile detention facility to existing county-wide units).

In General Service Employees Union, Local 73, 5 Pub. Employee Rep. (Ill.) par. 3014, No. L-RC-88-41 (ISLRB April 26, 1989) (hereinafter 5 Pub. Employee Rep. (Ill.) par. 3014), the petitioner sought to form and represent a bargaining unit of various professional titles at Cook County Hospital. Excluded from the unit would be professionals holding the same titles at two of the Cook County's other hospitals. Cook County opposed the petition arguing that the only appropriate bargaining unit would encompass all employees holding those titles at all three

institutions. The hearing officer adopted Cook County's position and the petitioner filed exceptions. The Board noted that in the cases cited by the hearing officer, it had held that "non-hospital employees of the County holding identical titles should be combined in single units, rather than fragmented along departmental lines," but that the case before the Board was "the first case *** in which the Board is asked to apply the same doctrine to employees exclusively within the County's hospital sector." General Service Employees Union, Local 73, 5 Pub. Employee Rep. (Ill.) par. 3014. The Board turned to the federal cases of Long Island Jewish-Hillside Medical Center v. National Labor Relations Board, 685 F.2d 29 (2d Cir. 1982), and Montefiore Hospital & Medical Center, 261 NLRB 569 (April 30, 1982), for guidance and identified several factors to consider in determining whether a single-facility or a multiple-facility unit is appropriate for representing employees of a multisite health care provider. The factors identified by the Board included:

"1. Whether the multiple facilities are considered a single entity for purposes of certification or accreditation;

2. Whether administration of the various facilities is centralized;

3. Whether labor and personnel policies and benefits are the same among all the facilities;

4. Whether job openings are posted throughout all the facilities, and hiring done centrally rather than locally;

5. Whether employees frequently transfer among the facilities;

6. Whether the facilities' departments are 'unified' or there is otherwise

1-06-0770, 1-06-0894 (Consolidated)

significant interaction among the employees;

       7. Whether the facilities are geographically proximate or are joined by a shuttle transportation network;

       8. Whether there is a history or pattern of combining comparable employees of the various facilities in single units." General Service Employees Union, Local 73, 5 Pub. Employee Rep. (Ill.) par. 3014.

Because insufficient evidence had been adduced to determine the outcome of the factors, the Board remanded the case to the hearing officer.

On remand, after reviewing the factors articulated by the Board, the hearing officer found that because each of Cook County's hospitals generally operated independently, was independently accredited and had separate labor and personnel departments, the single-facility unit was appropriate. No exceptions were filed and the Board found the hearing officer's recommendation final and directed an election. See General Service Employees Union, Local 73, 7 Pub. Employee Rep. (Ill.) par. 3009, No. L-RC-88-41 (ISLRB January 30, 1991).

Although AFSCME cites National Pharmacists Association, 7 Pub. Employee Rep. (Ill.) par. 3028, No. L-RC-91-008 (ISLRB June 12, 1991) (hereinafter 7 Pub. Employee Rep. (Ill.) par. 3028), for the proposition that the Board has held that a single-facility bargaining unit is improper for employees of a multisite health care provider, we find that case distinguishable. In National Pharmacists Association, the petitioner sought to sever all pharmacists at Oak Forest Hospital from an existing multifacility bargaining unit. The hearing officer recommended that the petition be dismissed, no exceptions were filed, and the Board dismissed the petition on the

11

hearing officer's nonprecedential recommendation. The hearing officer had noted that, in order to establish that severing the Oak Forest pharmacists was appropriate, the petitioner was required to show that those employees shared a significant and distinct community of interest and that they had had problems with other segments of the existing bargaining unit. The hearing officer examined the eight factors articulated in General Service Employees Union, Local 73 and noted that, under those factors, "at best the record establishes that a pharmacists only bargaining unit limited to Oak Forest hospital could constitute an appropriate unit." National Pharmacists Association, 7 Pub. Employee Rep. (Ill.) par. 3028. However, that was not the issue, nor the standard, before the hearing officer, and she concluded that, though the unit could be appropriate, because the Oak Forest pharmacists could show neither a distinct community of interest nor problems with the existing unit, severance was inappropriate.

The question before the Board and this court is not whether Provident AAIIIs and IVs should be permitted to sever ties with an existing bargaining unit, as was the question before the National Pharmacists Association hearing officer, but is instead whether a unit comprised of only those employees is appropriate. Accordingly, National Pharmacists Association is distinguishable. The other cases involving multisite health care providers cited by AFSCME are also distinguishable. See General Service Employees Union, Local 73, 3 Pub. Employee Rep. (Ill.) par. 3023, No. L-RC-87-13 (ISLRB July 15, 1987) (finding inappropriate a bargaining unit of all county hospital social workers when a large number of other unrepresented health care professional employees shared a community of interest and were functionally integrated); Shirley Reitz, 4 Pub. Employee Rep. (Ill.) par. 3027, No. L-RD-88-04 (ISLRB April 25, 1988) (finding

1-06-0770, 1-06-0894 (Consolidated)

that severance of clinical pharmacists from unit made up of hospital's staff and clinical pharmacists was inappropriate when the groups shared a sufficient community of interest).

In light of the above discussion, we will consider the factors set out in section 9(b) of the Act, as well as the eight factors set out General Service Employees Union, Local 73, in determining whether the Board erred in finding that a unit of Provident AAIIIs and IVs was appropriate. In this case, Provident is accredited and certified separately from other Bureau hospitals. It has its own chief operating officer, budget, labor relations, personnel and payroll departments. While Provident's personnel policies must conform with the Bureau's policies, it does exercise a degree of autonomy in setting rules and regulations for employees. Nonetheless, benefits and salary for AAIIIs and IVs are county-wide. When a vacancy in an AAIII or IV position occurs, Provident independently reviews applications for the position, interviews applicants and makes a hiring decision. There was no evidence that Bureau AAIIIs and IVs frequently transfer between Bureau facilities or that they have significant interaction with AAIIIs or IVs at other Bureau facilities. Bureau facilities are not located close to each other and are not joined by a shuttle. Finally, there is no pattern of combining comparable employees of the Bureau into single units. In fact, the opposite is true. Given these facts, while some fragmentation and proliferation may occur as a result of the Board's decision, we cannot say that the Board's determination that a Provident AAIII and IV bargaining unit was appropriate was clearly erroneous.

With regard to this issue, we also reject AFSCME's argument that the Board's alleged mischaracterization of the ALJ's finding that "there was no particular cohesiveness of the

13

1-06-0770, 1-06-0894 (Consolidated)

AAIII's and IV's [sic] at Provident," in some way rendered its decision erroneous. We further reject AFSCME's largely undeveloped argument that the Board's decision was erroneous because the Bureau had established, prior to Provident's conversion to a Cook County hospital in 1993, a pattern of multisite bargaining units. First, simply because multisite units were deemed appropriate does not mean that a single-site unit could not also be appropriate. See Illinois Fraternal Order of Police Labor Counsel, 319 Ill. App. 3d at 743. Furthermore, the fact that multisite units have been endorsed in the past does not change the fact that Cook County has repeatedly stipulated to the appropriateness of Provident-only bargaining units.

Lastly, in its reply brief, AFSCME raises for the first time the contention that a bargaining unit comprised of Provident AAIIIs and IVs is inappropriate because it excludes those employees in the positions of AAI and II. AFSCME represents the Provident AAIs and IIs. Accordingly, this argument was the subject of AFSCME's petition for unit clarification in which it sought to accrete the AAIIIs and IVs into its existing bargaining unit. As noted above, the ALJ recommended that the petition be dismissed. In its order, the Board noted that "[t]here are no exceptions to that determination, and we decline to review it on our own motion, allowing it to remain non-precedential, binding only upon the parties to this proceeding." In addition to failing to take exception to the ALJ's determination regarding its petition for unit clarification, AFSCME did not argue before the Board that a Provident AAIII and IV bargaining unit was inappropriate because it failed to include AAIs and IIs. Accordingly, we find this argument waived and refuse to address it. See Moore v. Illinois State Labor Relations Board, 206 Ill. App. 3d 327, 338 (1990), quoting 80 Ill. Adm. Code §1220.60, at 2626 (Supp. 1988) (" '[a]ny

14

1-06-0770, 1-06-0894 (Consolidated)

exception to a ruling, finding, conclusion, or recommendation which is not specifically urged shall be deemed to have been waived' ").

Cook County further contends that several of the Provident AAIIIs and IVs were confidential employees. A confidential employee is one

> "who, in the regular course of his or her duties, assists and acts in a
> confidential capacity to persons who formulate, determine, and effectuate
> management policies with regard to labor relations or who, in the regular course
> of his or her duties, has authorized access to information relating to the
> effectuation or review of the employer's collective bargaining policies." 5 ILCS
> 315/3(c) (West 2004).

Confidential employees are not "public employees" or "employees" for purposes of the Act (5 ILCS 315/3(n) (West 2004)), and therefore the Act does not apply to them (see 5 ILCS 315/2 (West 2004)). "The purpose of excluding confidential employees is to keep employees from 'having their loyalties divided' between their employer and the bargaining unit which represents them." Chief Judge of the Circuit Court of Cook County v. American Federation of State, County & Municipal Employees, Council 31, 153 Ill. 2d 508, 523 (1992). An employer who wishes to exclude an employee from a bargaining unit because the employee is a confidential employee bears the burden of proving that fact. Chief Judge of the Circuit Court of Cook County, 18 Pub. Employee Rep. (Ill.) par. 2016, No. S-RC-01-077 (ISLRB February 27, 2002). In fact, an employer may choose to waive its right to address the status of an employee. See Chief Judge of the Circuit Court of Cook County, 153 Ill. 2d at 513 (noting that, at oral argument before the

15

1-06-0770, 1-06-0894 (Consolidated)

supreme court, the employer waived the right to address the status of certain employees when "the employer had been working with this bargaining unit in place for almost three years, the employer had grown comfortable with the fact that the office was able to function while these employees were represented" by the bargaining unit). The Board's determination of whether an employee is a confidential employee under the Act will be reversed if it is contrary to the manifest weight of the evidence. Chief Judge of the Circuit Court of Cook County, 153 Ill. 2d at 514.

The Board has articulated three tests to determine if an employee is a confidential employee based on the language of section 3(c) of the Act. An employer need only prove an employee's confidentiality under one of the three tests. Chief Judge of the Circuit Court of Cook County, 153 Ill. 2d at 523, citing County of Peoria, 2 Pub. Employee Rep. (Ill.) par. 2022, Nos. S-RC-4, S-RC-54, S-RC-56 (ISLRB April 29, 1986).

Cook County agrees that 11 of the Provident AAIIIs and IVs were not confidential employees. It argues that the remaining AAIIIs and IVs are confidential employees under the first and second of the three tests because they report to members of the executive staff committee and the medical executive committee.

Under the labor-nexus test:

"[I]f an employee assists in a confidential capacity in the regular course of his or her duties a person or persons who formulate, determine or effectuate labor relations policies, then the employee holds confidential status. The person assisted by the employee must perform all three functions-formulating,

16

determining and effectuating-before a finding of confidentiality can be made."

Chief Judge of the Circuit Court of Cook County, 153 Ill. 2d at 523.

Under the authorized access test, "[s]hould the employee have authorized access to information concerning matters specifically related to the collective-bargaining process between labor and management, the employee is deemed confidential." Chief Judge of the Circuit Court of Cook County, 153 Ill. 2d at 523.

Cook County presented evidence concerning five AAIIIs and IVs who reported to members of the executive staff committee, which is responsible for establishing overall hospital policies, including policies concerning labor relations and bargaining strategies, and the medical executive committee, which establishes clinical policies. Presumably, the evidence regarding these five AAIIIs and IVs was to be representative of all Provident AAIIIs and IVs who reported to committee members.

Porter and Miggins assisted doctors who were members of the medical executive committee. There was no evidence presented that either Porter or Miggins had access, authorized or otherwise, to information related to the collective bargaining process or that the doctors to whom they reported formulated, determined or effectuated labor relations policies. Accordingly, the Board did not err in finding that Porter and Miggins were not confidential employees.

While Dowell assisted Dr. Hamb, who was a member of both committees, including the executive staff committee, which established labor policies, and took notes at both committees' meetings, there was no direct evidence presented that he had access to information concerning

the collective bargaining process. Moreover, while Dr. Hamb may have helped formulate and determine labor policies, according to the testimony of Brown, Provident's director of human resources and labor relations, those policies were effectuated by Brown. Accordingly, the Board's determination that Dowell was not a confidential employee was not contrary to the manifest weight of the evidence.

Cook County also presented evidence concerning the employment of Flowers and Reid-Lockett, who reported to Brown, the director of human resources and labor relations and a member of both the executive staff committee and the medical executive committee. Brown testified that, as Provident's director of human resources and labor relations, he was responsible for formulating and effectuating labor relations policies. Brown kept files related to collective bargaining and labor relations in a locked filing cabinet in his office. The keys to that cabinet were locked in another cabinet in the human resources office. Brown testified that Flowers and Reid-Lockett had the means to open the cabinet containing the keys. Flowers and Reid-Lockett each testified that she did not regularly perform work related to collective bargaining. Flowers testified that she did not know where Brown kept his collective bargaining files and Reid-Lockett testified that she did not know which files in Brown's office related to collective bargaining.

Though they assisted Brown, who formulated, determined and effectuated labor relations policies, there was not sufficient evidence presented that Flowers and Reid-Lockett assisted him in a confidential capacity in the *regular* course of their duties. See Chief Judge of the Circuit Court of Cook County, 153 Ill. 2d at 525 (noting that an employee who assisted a person who formulated, determined and effectuated labor relations policies and, in the course of that

employment, occasionally took notes at labor relations meetings would not be considered a confidential employee because she did not "act in a confidential capacity *in the regular course of his or her duties*" (emphasis in original)). Moreover, though they had the means to access information related to collective bargaining, neither Flowers nor Reid-Lockett knew exactly where such information was kept and there was little evidence presented that they were "authorized" to access that information. Accordingly, the Board's determination that Flowers and Reid-Lockett were not confidential employees was not contrary to the manifest weight of the evidence. Moreover, the evidence supported the Board's more general conclusion that Cook County had not met its burden of proving that any of the Provident AAIIIs and IVs were confidential employees.

For the above-stated reasons, we affirm the Board's decision and order.

Affirmed.

THEIS, P.J., and KARNEZIS, J., concur.